02-10-475-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00475-CR

 

 


 
 
 Rodney ONeal Williams a/k/a Rodney O. Williams
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM Criminal
District Court No. 2 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Pursuant
to a plea bargain, Appellant Rodney ONeal Williams a/k/a Rodney O. Williams pleaded
guilty to possession of four grams or more but less than four hundred grams of
benzylpiperazine.[2] 
The trial court’s original certification of Williams’s right to appeal states
that this “is not a plea-bargained case, and the defendant has the right of
appeal.”

On July
15, 2011, we notified the trial court that its certification was defective and
ordered an amended certification of Williams’s right to appeal to state that
this case is a plea-bargained case and to indicate whether any matters were
raised by written motion filed and ruled on before trial or whether the trial court
has given Williams permission to appeal.  See Tex. R. App. P.
25.2(a)(2), (d), (f), 37.1; Dears v. State, 154 S.W.3d 610, 613–15 (Tex.
Crim. App. 2005).   On July 25, 2011, we received the trial court’s amended
certification of Williams’s right to appeal.  The certification states that
this “is a plea-bargain case, and the defendant has NO right of appeal.”

On July
27, 2011, we sent the parties a letter notifying them that the appeal may be
dismissed unless, by August 8, 2011, any party filed a response showing grounds
for continuing the appeal based upon the new certification.  See Tex. R.
App. P. 25.2(d), 43.2(f).  We did not receive any responses.

Rule
25.2(a)(2) provides that a plea-bargaining defendant may appeal only matters
that were raised by written motion filed and ruled on before trial or after
getting the trial court’s permission to appeal.  Tex. R. App. P. 25.2(a)(2); Chavez
v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (requiring appellate
courts to dismiss prohibited appeal without further action, regardless of basis
for appeal).  Williams’s basis for appeal does not concern matters raised by
any written motion filed and ruled on before trial, and the trial court’s
amended certification of appeal does not otherwise give Williams the right to
appeal.  Consequently, because Williams has no right to appeal, we dismiss the
appeal.  See Tex. R. App. P. 25.2(d), 43.2(f); Chavez, 183 S.W.3d
at 680.

 

 

 

PER CURIAM

 

PANEL: 
WALKER, MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 18, 2011









[1]See Tex. R. App. P. 47.4.





[2]Williams and the State entered
into the following plea agreement: “Open Plea of Guilty to Court + PLBR [Plea
in Bar] 1181245 MJ 5LBS-50LBS on Sentencing PSI.”  The record also contains the
plea in bar in which the State consented to a bar on further prosecution of Williams’s
pending possession of marijuana charge in accordance with section 12.45 of the
penal code.  See Tex. Penal Code Ann. § 12.45 (West 2011) (permitting
trial court to take into account unadjudicated offense when assessing
punishment if State consents and defendant admits offense, in which case State
is barred from prosecuting defendant for the unadjudicated offense).  The trial
court granted the plea in bar and sentenced Williams to fifteen years’
imprisonment.